## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ASSOCIATED PRESS; GANNETT SATELLITE INFORMATION NETWORK LLC d/b/a USA TODAY; and VICE MEDIA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Docket No. 16-1850 (TSC) |

## DEFENDANT'S ANSWER

Defendant Federal Bureau of Investigation ("FBI"), by and through its undersigned counsel, hereby answers the numbered paragraphs of Plaintiffs' Complaint.

1.      The first and third sentences of Paragraph 1 consist of Plaintiffs' characterization of this lawsuit, to which no response is required.  The allegations in the second sentence of Paragraph 2 purport to characterize a USA Today article, which speaks for itself.

2.      The first sentence of Paragraph 2 consists of Plaintiffs' characterization of this lawsuit, to which no response is required.  The allegations in the remaining sentences are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).  The allegations in the remaining sentences further purport to characterize Washington Post, USA Today, and Associated Press news articles, which speak for themselves.

3.      Paragraph 3 consists of characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).  The allegations in Paragraph 3 further purport to characterize an Associated Press article, which speaks for itself.

4.      Paragraph 4 consists of characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).

5.      Paragraph 5 consists of Plaintiff Associated Press's characterization of itself and its activities.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      Paragraph 6 consists of Plaintiff USA TODAY's characterization of itself and its activities.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.      Paragraph 7 consists of Plaintiff Vice Media LLC's characterization of itself and its activities.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.      The first clause of the first sentence of paragraph 8 is denied except to admit that the Department of Justice ("DOJ") is an agency of the Executive Branch of the U.S. government under 5 U.S.C. § 552(f)(1) and that the FBI is a component of the DOJ.  The remainder of this sentence contains legal conclusions, to which no response is required.  Defendant admits the second sentence of paragraph 8.

9.      Paragraph 9 consists of Plaintiffs' legal conclusions regarding subject matter jurisdiction, to which no response is required.

10.     Paragraph 10 consists of Plaintiffs' legal conclusions regarding venue, to which no response is required.

11.     Defendant admits that the FBI has denied Plaintiffs administrative appeals.  The remainder of this paragraph consists of legal conclusions, to which no response is required.

12.     Paragraph 12 consists of characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).

13.     Paragraph 13 consists of characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).

14.     Paragraph 14 consists of characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).

15.     Paragraph 15 consists of characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).

16.     Paragraph 16 consists of characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).

17.     Paragraph 17 consists of characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).

18.     Paragraph 18 contains characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).  This paragraph further characterizes Vice Motherboard and Associated Press news articles, which speak for themselves.

19.     Paragraph 19 contains characterizations that are irrelevant to the FOIA claims raised in this lawsuit; Defendant, therefore, denies that they constitute a short and plain statement of the claim showing that Plaintiffs are entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).  This paragraph further characterizes an FBI Press Release, which speaks for itself.

20.     Defendant admits that Plaintiff USA TODAY submitted a FOIA request to Defendant by letter dated March 29, 2016.  This letter, attached hereto as Exhibit A, speaks for itself.  Defendant denies any characterization inconsistent with the text of that letter.

21.     Defendant admits that it denied Plaintiff USA TODAY's FOIA request by letter dated June 6, 2016.  This letter, attached hereto as Exhibit B, speaks for itself.  Defendants deny any characterization inconsistent with the text of that letter.

22.     Defendant admits that Plaintiff USA Today submitted an appeal of the denial of its FOIA request by letter dated June 20, 2016.  This letter, attached hereto as Exhibit C, speaks for itself.  Defendant denies any characterization inconsistent with the text of that letter.

23.     Defendant admits that Plaintiff USA Today's appeal of the denial of its FOIA request was denied by letter dated September 2, 2016.  This letter, attached hereto as Exhibit D, speaks for itself.  Defendant denies any characterization inconsistent with the text of that letter.

24.     Defendant admits that Plaintiff Associated Press ("AP") submitted a FOIA request to Defendant by email dated April 21, 2016.  This email, attached hereto as Exhibit E, speaks for itself.  Defendant denies any characterization inconsistent with the text of that email.

25.     Defendant admits that it denied Plaintiff AP's FOIA request by letter dated May 11, 2016.  This letter, attached hereto as Exhibit F, speaks for itself.  Defendant denies any characterization inconsistent with the text of that letter.

26.     Defendant admits that Plaintiff AP submitted an appeal of the denial of its FOIA request by letter dated June 1, 2016.  This letter, attached hereto as Exhibit G, speaks for itself.  Defendant denies any characterization inconsistent with the text of that letter.

27.     Defendant admits that Plaintiff AP's appeal of the denial of its FOIA request was denied by letter dated June 6, 2016.  This letter, attached hereto as Exhibit H, speaks for itself.  Defendant denies any characterization inconsistent with the text of that letter.

28.     Defendant admits that Plaintiff Vice Media ("Vice") submitted a FOIA request by email dated April 21, 2016.  This email, attached hereto as Exhibit I, speaks for itself.  Defendant denies any characterization inconsistent with the text of that letter.

29.     Defendant admits that it denied Plaintiff Vice's FOIA request by letter dated June 6, 2016.  This letter, attached hereto as Exhibit J, speaks for itself.  Defendant denies any characterization inconsistent with the text of that letter.

30.     Defendant admits that Plaintiff Vice submitted an appeal of the denial of its FOIA request on June 13, 2016.  This appeal, attached hereto as Exhibit K, speaks for itself.  Defendant denies any characterization inconsistent with the text of that appeal.

31.     Defendant admits that Plaintiff Vice's appeal of the denial of its FOIA request was denied by letter dated July 22, 2016.  This letter, attached hereto as Exhibit L, speaks for itself.  Defendant denies any characterization inconsistent with the text of that letter.

32.     In Paragraph 32, Plaintiffs allege Paragraphs 1 through 31 as though fully set forth therein.  Defendant thus incorporates by reference its answer to those paragraphs.

33.     Paragraph 33 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

34.     Paragraph 34 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

35.     In Paragraph 35, Plaintiffs allege Paragraphs 1 through 34 as though fully set forth therein.  Defendant thus incorporates by reference its answer to those paragraphs.

36.     Paragraph 36 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

37.     Paragraph 37 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

38.     Paragraph 38 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

39.     Paragraph 39 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

40.     Paragraph 40 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

***

The remainder of the Complaint sets forth Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to any of the relief they seek.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

**DEFENSES**

1.     Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

WHEREFORE, having fully answered, Defendant prays that:

1.     This Court enter judgment for Defendant and dismiss this action with prejudice; and

2.     Defendant be granted such further relief as the Court may deem just and proper.

Dated:  October 24, 2016                          Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney for the District of Columbia

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Joseph E. Borson*
JOSEPH E. BORSON
Trial Attorney (Virginia Bar No. 85519)
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone:      (202) 514-1944
Facsimile:      (202) 616-8460
E-mail:          joseph.borson@usdoj.gov

*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2016, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

/s/ *Joseph E. Borson*
JOSEPH E. BORSON